CENTER FOR DISABILITY ACCESS
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162; Fax: (760) 480-4170
MarkPotter@cda4access.com

Attorney for Plaintiff, CHERA MINKLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHERA MINKLER,

    Plaintiff,

v.

CITY OF OXNARD, and DOES 1 through 10, inclusive

    Defendants.

Case No.: CV09-01043 SJO (RZx)

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** AMERICANS WITH DISABILITIES ACT OF 1990; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT

**DEMAND FOR JURY**

    Plaintiff CHERA MINKLER complains of Defendants CITY OF OXNARD and DOES 1 through 10, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**INTRODUCTION:**

    **1.** This is a Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for violation of the Americans with Disabilities Act and related state laws addressing the defendants' denial of participation in and provision of an unequal benefit of the services to patrons with disabilities. Plaintiff seeks injunctive relief and damages for violations of civil rights

-1-

Complaint

and for damages flowing from such violations.

**PARTIES:**

2. Plaintiff CHERA MINKLER is a California resident with physical disabilities. She suffers from Cerebral Palsy and Lympthedema and requires a power wheelchair for mobility.

3. Defendant is the City of Oxnard, a governmental entity, has and maintains a public beach and park facility known as Oxnard Beach Park, which facility is located on the ocean front in the City of Oxnard, California.

4. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 10, inclusive, are ascertained.

5. This case arises out of Defendants' failure to provide persons with disabilities the minimum legally required access; and failure to amend or introduce policies to accommodate persons with disabilities, at the Oxnard Beach Park, hereinafter referred to as ("OBP"), which are facilities owned, operated, controlled and/or maintained by the City of Oxnard, a governmental and public entity.

6. The OBP is characterized by architectural barriers including, but not limited to, inaccessible bathrooms.

7. Defendants have denied equal access to Plaintiff based solely on her mobility disabilities in that Defendants have knowingly and intentionally refused to comply with the requirements of federal and state law regarding access to public facilities.

**JURISDICTION:**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

9. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

**VENUE:**

10. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

11. The City of Oxnard is a governmental entity, with its facilities being places of public accommodation.

12. The Plaintiff attended a picnic at OBP on July 13, 2008.

13. During Plaintiff's visit, she encountered various violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including, but not limited to, there were inaccessible bathrooms.

14. Because of the inaccessibility of the bathrooms, Plaintiff fell and got trapped in the bathroom and had to be rescued.

15. Naturally, Plaintiff MINKLER was frustrated, angry and/or vexed as a result of encountering these conditions, these violations of her civil rights, and the lack of safe, convenient and accessible public facilities. As a result of Plaintiff's fall in the inaccessible bathroom, she required hospitalization and medical care. Because of this physical injury and the continued violation of the Plaintiff's civil rights by these Defendants and the highly unpleasant emotional distress caused by such unlawful

treatment attributable to the actions or inactions of the Defendants, Plaintiff seeks redress from these Defendants for such injury.

**16.** Plaintiff would like to be able to access the OBP on a "full and equal" basis, but until the OBP is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein, Plaintiff is unable to do so.

**I.  FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants) (42 U.S.C. 12101 et seq.)

**17.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**18.** The Defendants' OBP is a public entity, which provides services to the public, and a place of public accommodation. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there were inaccessible bathrooms, is unlawful and has resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

**19.** Defendants' acts and omissions alleged herein are in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101, *et. seq.*, and the regulations promulgated thereunder, 28 C.F.R. Part 35, *et. seq.*

**20.** Defendants' conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, Defendants will continue to violate such law. This conduct, unless enjoined, will continue to inflict injuries for which Plaintiffs have no adequate remedy at law. Consequently, Plaintiffs are entitled to injunctive

relief pursuant to section 308 of the ADA (42 U.S.C. 12188).

21. Wherefore, Plaintiff prays for relief as hereinafter stated.

**II. SECOND CAUSE OF ACTION** (Violation of The Unruh Civil Rights Act, On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51 et seq.)

22. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint and incorporate them herein as if separately repled.

23. The actions of the Defendants have violated and continue to violate the Unruh Civil Rights Act, Cal. Civ. Code sections 51 *et. seq.*, in that physically disabled persons are either not provided services and facilities that are provided to other persons, or are provided services and facilities that are not equal to, and are inferior to, the services provided to persons who are not physically disabled.

24. As of January 1, 1993 and thereafter, Defendants have committed additional violations of the Unruh Civil Rights Act in that the conduct of alleged herein constitutes violations of various provisions of the ADA, 42 U.S.C. sections 12101 *et. seq.*, as set forth above, includes Defendants' failure to remove architectural barriers which were readily achievable to remove.

25. The actions of the Defendants were and are in violation of the Unruh Civil Rights Act, Cal.Civ.Code sections 51 *et. seq.* and, therefore, Plaintiff is entitled to injunctive relief. In addition, Defendants are liable to the Plaintiff for each and every offense for actual damages incurred but in no case less than $4,000 per offense. Plaintiff is also entitled to attorneys' fees.

**III. THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

26. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint and incorporate them herein as if separately repled.

27. The actions of the Defendants have violated and continue to violate the

California Disabled Persons Act, Cal. Civ. Code sections 54 *et. seq.*, in that physically disabled persons are either not provided services and facilities that are provided to other persons, or are provided services and facilities that are not equal to, and are inferior to, the services provided to persons who are not physically disabled, in that they have failed to make reasonable modifications in policies, practices, or procedures where such modifications as are necessary to afford a person with a disability proper access to and enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by Defendants' OBP, specifically the fact that the OBP has inaccessible bathrooms. Defendants' actions are unlawful and have resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

Wherefore, Plaintiff prays that this court grant relief and damages as hereinafter stated:

**RELIEF REQUESTED:**

Plaintiff prays that this court award damages and provide relief as follows:

**1.** For injunctive relief, compelling Defendants to comply with the Unruh Civil Rights Act. **Note**: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

**2.** Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act. **Note:** A Defendant cannot be held liable for damages under both the Unruh Civil Rights Act and the California Disabled Persons Act and the Plaintiff will make an election at trial depending upon the evidence amassed.

**3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: February 3, 2009   CENTER FOR DISABILITY ACCESS



By: _____
MARK D. POTTER
Attorneys for Plaintiff

-6-

Complaint

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: February 3, 2009         CENTER FOR DISABILITY ACCESS

By: _____
MARK D. POTTER
Attorneys for Plaintiff