**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHERA MINKLER, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>CITY OF OXNARD, et al., <br><br>　　　　Defendants. | NO. CV 09-01043 SJO (RZx) <br><br>**ORDER DENYING DEFENDANT CITY OF OXNARD'S MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** <br>[Docket No. 9.] |

　　　　This matter is before the Court on Defendant City of Oxnard's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction, Failure to State a Claim upon Which Relief Can Be Granted, or, in the Alternative, Motion for More Definite Statement, filed April 15, 2009. Plaintiff Chera Minkler ("Minkler") filed an Opposition. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for May 11, 2009. *See* Fed. R. Civ. P. 78(b). For the following reasons, the City of Oxnard's Motion is DENIED.

I.　　BACKGROUND

　　　　Minkler is a California resident with physical disabilities due to cerebral palsy and lympthedema who requires a power wheelchair for mobility. (Compl. ¶ 2.) On July 13, 2008, Minkler attended a picnic at Oxnard Beach Park ("OBP"), which is a beach and park facility that is "owned, operated, controlled and/or maintained by the City of Oxnard, a governmental and public entity." (Compl. ¶¶ 3, 5, 11–12.) Minkler alleges that because of the inaccessibility of

OBP's bathrooms, she fell and was trapped in one of the bathrooms. (Compl. ¶¶ 6, 13–14, 18.) As a result, Minkler had to be rescued, required hospitalization and medical care, and suffered emotional distress. (Compl. ¶¶ 14–15.)

On February 12, 2009, Minkler filed the present suit against the City of Oxnard alleging violations of: (1) Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.; (2) the Unruh Civil Rights Act, California Civil Code § 51, et seq.; and (3) the California Disabled Persons Act, California Civil Code § 54–54.8. (*See generally* Compl.)  The City of Oxnard now moves to dismiss the Complaint for failure to state a claim and lack of subject matter jurisdiction or, in the alternative, for a more definite statement. (*See* Def. City Oxnard's Notice Mot. & Mot. Dismiss Compl. Lack Subject Matter Jurisdiction, Failure State Claim Upon Which Relief Can Be Granted, or, in the Alternative, Mot. More Definite Statement ("Def.'s Mot.") 1.)

II. DISCUSSION

    A. Motion to Dismiss

        1. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–200 (9th Cir. 2003). In considering whether the complaint is sufficient to state a claim, a court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Dismissal is proper if the complaint lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss for failure to state a claim, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id.* at 1964–65.

a. ADA Claim

In its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the City of Oxnard appears to argue that Minkler fails to state a claim under the ADA because given that Minkler alleges that she was injured in the OBP bathrooms, she "obviously" had access to the bathrooms that she claims were inaccessible. (*See* Def.'s Mot. 3, 4, 6.)  In opposition, Minkler contends that the City of Oxnard's argument as to accessibility is erroneous, as Congress intended a "readily accessible" standard in assessing whether a disabled individual should succeed on an ADA cause of action.  (Pl.'s Opp'n City of Oxnard's Mot. Dismiss & Mot. More Definite Statement ("Pl.'s Opp'n") 3–5.)

"Title II of the ADA provides that: '[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (quoting 42 U.S.C. § 12132).  The ADA's broad definition of a "public entity," namely "any State or local government [and] any department, agency, special purpose district, or other instrumentality of a State or States or local government," "include[s] every possible agency of state or local government." *Id.* (internal citations omitted). "In order to state a claim under Title II of the ADA, a plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *O'Guinn v. Lovelock Correctional Facility*, 502 F.3d 1056, 1060 (9th Cir. 2007) (internal citations and quotations omitted).  If the public entity denies a disabled individual "meaningful access" to its "services, programs, or activities," then it has "excluded [him] from participation in or denied [him] the benefits of the public entity's services, programs, or activities." *See Lee*, 250 F.3d at 691 (internal citation omitted); *Ackley, et al. v. Corp. of Arizona*, 98 F.3d 461, 462 (9th Cir. 1996) (internal citation omitted); *see also Robertson v. Las Animas County Sheriff's Dept., et al.*, 500 F.3d 1185, 1195 (10th Cir. 2007) ("The ADA requires more than physical access

to public entities: it requires public entities to provide 'meaningful access' to their programs and services.").

Here, Minkler's allegations are sufficient to state a claim under Title II of the ADA. As an initial matter, given that Title II of the ADA applies only to public entities, Minkler alleges that the City of Oxnard is a "public entity." (*See* Compl. ¶¶ 2, 5, 11, 18.) The City of Oxnard does not dispute this assessment and as a "local government," it fits squarely within the ADA's definition of a "public entity." *See Lee*, 250 F.3d at 690. Moreover, Minkler addresses the four elements of a claim under Title II of the ADA, specifically Minkler alleges that: (1) she is "an individual with a disability," as she suffers from cerebral palsy and lympthedema and, therefore, requires a power wheelchair for mobility (*See* Compl. ¶ 2), (2) OBP is a public beach and park facility, meaning that but for her disability, she would be "qualified to participate in or receive the benefit of" the "services, programs, or activities" of the City of Oxnard, which "own[s], operate[s], control[s] and/or maintain[s]" OBP (*See* Compl. ¶¶ 3, 5), (3) because of the inaccessibility of the OBP bathrooms, she was "either excluded from participation in or denied the benefits of [the City of Oxnard's] services, programs, or activities" (*See* Compl. ¶¶ 6–7, 13–14, 18), and (4) this exclusion or denial of benefits was "based solely on her mobility disabilities" (*See* Compl. ¶ 7). Despite the City of Oxnard's implication to the contrary, Minkler need not be completely denied access to its "services, programs, or activities" in order to state a claim under the ADA. Rather, she must only be denied "meaningful access" to the City of Oxnard's "services, programs, or activities," which Minkler has sufficiently alleged by stating that because the bathrooms at OBP are inaccessible to wheelchairs, she fell and was injured. *See Lee*, 250 F.3d at 691 (internal citation omitted); *Ackley, et al.*, 98 F.3d at 462 (internal citation omitted); *see also Robertson*, 500 F.3d at 1195; Compl. ¶¶ 6, 13–15, 18. Thus, Minkler's Complaint proffers "enough facts to state a claim to relief that is plausible on its face" as to her ADA claim. *See Bell Atl. Corp.*, 127 S. Ct. at 1974.

4

          b.    <u>Claims for Violation of the Unruh Civil Rights Act and the California Disabled Persons Act</u>

Minkler also alleges violation of the Unruh Civil Rights Act and the California Disabled Persons Act. (*See* Compl. ¶¶ 22–27.) "The Unruh [Civil Rights] Act and [the] California Disabled Persons Act both provide that '[a] violation of the right of an individual under the [ADA] also constitutes a violation of this section.'" *Mantic Ashanti's Cause, et al. v. Darwish Plaza, et al.*, No. 05-CV-1615 WQH, 2006 WL 1360969, at *6 (Apr. 21, 2006) (citing Cal. Civ. Code §§ 51(f), 54(c), 54.1(d)); *see Nat'l Fed'n of the Blind, et al. v. Target Corp.*, 452 F. Supp. 2d 946, 957 (N.D. Cal. 2006) (citing Cal. Civ. Code § 51(f)). "Thus, a plaintiff who pleads a violation of the ADA does not need to allege anything further in order to state a claim under the Unruh [Civil Rights] Act" and the California Disabled Persons Act. *See Nat'l Fed'n of the Blind, et al.*, 452 F. Supp. 2d at 957 (citing *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004)); *see also Mantic Ashanti's Cause, et al.*, 2006 WL 1360969, at *6. As such, because the Court has found that Minkler states a claim under the ADA, she also states a claim under California law for violation of the Unruh Civil Rights Act and the California Disabled Persons Act. *See Nat'l Fed'n of the Blind, et al.*, 452 F. Supp. 2d at 957; *see also Mantic Ashanti's Cause, et al.*, 2006 WL 1360969, at *6.

Accordingly, the Court DENIES the City of Oxnard's Motion to the extent it seeks to dismiss the Complaint for failure to state a claim under Rule 12(b)(6).

    2.    <u>Federal Rule of Civil Procedure 12(b)(1)</u>

In its motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, the City of Oxnard argues that Minkler's action should be dismissed for lack of subject matter jurisdiction because: (1) Minkler failed to exhaust administrative remedies, (2) state courts afford more swift and complete remedies, and (3) the case involves more state issues. (*See* Def.'s Mot. 6–17.)

The City of Oxnard's argument that the Court should not exercise federal jurisdiction over this action because California courts offer more "complete remedies" and given the extensiveness of California's regulations, the case presents predominantly more state issues is without merit. (*See* Def.'s Mot. 6, 16.) "[T]he plaintiff is the master of the complaint and can assert a federal

claim if he desires federal jurisdiction. . . ." *Holman, et al. v. Laulo-Rowe Agency, et. al.*, 994 F.2d 666, 668 n.2 (9th Cir. 1993). "Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction . . . ." *Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone*, 197 F.3d 1003, 1008 (9th Cir. 1999). Under the principle of supplemental jurisdiction, if a case presents a federal claim, giving a federal court original jurisdiction over that claim based on federal question jurisdiction, then the court also has jurisdiction over "state[-]law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim[s] permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); citing *Hurn v. Oursler*, 289 U.S. 238 (1933), *Siler v. Louisville & Nashville R.R. Co.*, 213 U.S. 175 (1909)). Congress codified the principle of supplemental jurisdiction in 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* (quoting 28 U.S.C. § 1367(a)). Under 28 U.S.C. § 1367(c), a "district court[] may decline to exercise supplemental jurisdiction over a claim . . . if– (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

In this case, because Minkler has stated a federal claim under the ADA, the Court has original jurisdiction over this claim. *See Holman, et al.*, 994 F.2d at 668 n.2; *Cement Masons Health & Welfare Trust Fund for N. Cal.*, 197 F.3d at 1008. Given that the factual allegations regarding Minkler's state-law claims under the Unruh Civil Rights Act and the California Disabled Persons Act are identical to those regarding her ADA claim and, thus, "derive from a common nucleus of operative fact," the Court finds it appropriate to exercise supplemental jurisdiction over these state-law claims. *See City of Chicago*, 522 U.S. at 165 (internal citations

omitted); *see generally* Compl.  Despite the City of Oxnard's argument that the Court should refuse to exercise jurisdiction over this case because there are "preeminently more state issues," the City of Oxnard has presented no evidence to this effect and the Court is not convinced that the state-law claims will "substantially predominate over" the ADA claim over which the Court has original jurisdiction.  *See* 28 U.S.C. § 1367(c); Def.'s Mot. 6, 16.  Therefore, the Court has original jurisdiction over Minkler's ADA claim and will exercise supplemental jurisdiction over Minkler's California state-law claims for violation of the Unruh Civil Rights Act and the California Disabled Persons Act.

Additionally, the City of Oxnard argues that the Court "should not invoke federal jurisdiction in the present instance because of [Minkler's] failure to exhaust administrative remedies . . . ." (Def.'s Mot. 6.)  As to Minkler's ADA claim, the City of Oxnard errs in implying that Minkler needed to exhaust administrative remedies prior to filing suit.  "A qualified individual with a disability may bring an action under the ADA without exhausting federal administrative remedies."  *Schonfeld, et al. v. City of Carlsbad*, 978 F. Supp. 1329, 1334 (S.D. Cal. 1997) (internal citation omitted), *aff'd*, 173 F.3d 876 (9th Cir. 1999).  Thus, Minkler's claim under Title II of the ADA cannot be dismissed for failure to exhaust federal administrative remedies.

As to Minkler's claim under the California Disabled Persons Act, specifically California Civil Code §§ 54–54.8, the City of Oxnard contends that Minkler did not comply with California Civil Code § 55.54, a recently enacted provision that requires an "attorney who causes a summons and complaint to be served in an action that includes a construction-related accessibility claim, including but not limited to, a claim brought under [§§] 51, 54, 54.1 or 55 [of the California Civil Code]" to simultaneously "cause to be served a copy of [an] application form," along with a notice, that the defendant may be entitled to request both a stay of the proceedings and an early evaluation conference.  *See* Cal. Civ. Code § 55.54; Def.'s Mot. 6–16; Compl. ¶¶ 26–27. Assuming that this provision applies, it would have required Minkler to serve a notice and application form, along with the Summons and Complaint, on the City of Oxnard.  Given that this is merely a service or notice requirement, the City of Oxnard, however, errs in contending that failure to comply with this provision constitutes failure to comply with an "administrative remedy."

Therefore, failure to comply this provision does not have jurisdictional ramifications and, thus, the City of Oxnard is not entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1]

Moreover, Minkler contends that California Civil Code § 55.54, a "state-law notice requirement[]," does not apply because Minkler filed this action in federal court. (*See* Pl.'s Opp'n 8.) Under the *Erie* doctrine, a federal court deciding a state-law claim, whether under diversity or federal question jurisdiction, must apply state "substantive" law but federal "procedural" law. *See Hanna v. Plumer, Jr.*, 380 U.S. 460, 471 (1965); *Vess v. CIBA-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (internal citations omitted). The Court is inclined to believe that the additional service or notice requirement specified in California Civil Code § 55.54 is a procedural requirement, which under *Erie*, does not apply in federal court. Nevertheless, given that the Court's finding that failure to comply with California Civil Code § 55.54 does not concern the Court's subject matter jurisdiction, as the City of Oxnard contends, is a sufficient grounds to deny the motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), as well as that Minkler cited no case law to support its argument that California Civil Code § 55.54 does not apply in federal court and the City of Oxnard has not addressed the issue, the Court finds it appropriate not to definitely address the issue at this juncture. The parties are free to address the issue, with appropriate supporting authority, in future motions before the Court.

Accordingly, the Court DENIES the City of Oxnard's Motion to the extent it seeks to dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1).

---

[1] It should also be noted that the City of Oxnard does not assert or otherwise demonstrate that it would be entitled to the stay and early evaluation conference of which it alleges Minkler was required to notify it under California Civil Code § 55.54. (*See* Pl.'s Opp'n 9; *see generally* Def.'s Mot.) Under California Civil Code § 55.54, a defendant is entitled to a stay and an early evaluation conference only if the "site identified in the complaint has been . . . inspected [by a Certified Access Specialist ("CASp")]" or such inspection is pending, the defendant has an inspection report for the site, and the defendant did not make any modifications to the inspection site since the inspection. *See* Cal. Civil Code § 55.54(a)(1), (c)(1)(A), (B). Because the City of Oxnard does not assert compliance with these requirements, it would appear that its argument regarding Minkler's failure to notify the City of Oxnard of the means to apply for this stay and early evaluation conference is largely academic.

   C. <u>Motion for a More Definite Statement</u>

As an alternative to its Motion to Dismiss, the City of Oxnard moves for a more definite statement under Federal Rule of Civil Procedure 12(e), arguing that it "do[es] not know what restroom or what state building code or federal ADA guidelines are involved." *See* Def.'s Mot. 17. Minkler opposes on the grounds that the Complaint more than satisfies the requirements for notice pleading under the Federal Rules of Civil Procedure. (*See* Pl.'s Opp'n 10.)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). This "liberal" notice pleading standard "does not require a claimant to set out in detail the facts upon which he bases his claim." *Lee*, 250 F.3d at 679 (internal citations omitted). Rather, a claimant must only give "'a short and plain statement of the claim' that will give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* As such, a motion for a more definite statement under Federal Rule of Civil Procedure 12(e) is appropriate when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Here, the City of Oxnard is not entitled to a more definite statement under Federal Rule of Civil Procedure 12(e). Minkler alleges that the bathrooms at OBP were inaccessible, failing to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 of the California Code of Regulations, and as a result, she fell and was injured in one of the bathrooms. (*See* Compl. ¶¶ 6, 13–14, 18.) Because Minkler is not required to "set out in detail the facts upon which [s]he bases her claim," she does not need to include the specific location of her fall in the Complaint. *See Lee*, 250 F.3d at 679 (internal citations omitted). Moreover, Minkler clearly lays out the legal grounds for her claim, as she specifically states the three causes of action at issue in addition to alleging that the OBP bathrooms do not comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 of the California Code of Regulations. (*See generally* Compl.) Therefore, the Court finds that Minkler's Complaint is not "so vague or ambiguous that the [City of Oxnard] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Accordingly, the Court DENIES the City of Oxnard's Motion to the extent it seeks a more definite statement.

III. <u>RULING</u>

For the foregoing reasons, the City of Oxnard's Motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

May 15, 2009

*/s/ S. James Otero*

---
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE